FILED
NOV 28 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE G. WILLIAMS,

    Petitioner,

-vs-

WILLIAM MEYER,

    Respondent.
_____/

CASE NO. 93-75495

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner appealed this Court's Order Denying Petition for Writ of Habeas Corpus and Adopting Report and Recommendation, dated September 7, 2005, to the United States Court of Appeals for the Sixth Circuit. The Court indicated that this Court must first grant or deny Petitioner a certificate of appeal ability before it may hear his appeal.

"A certificate of appealability may issue under [§ 2253(c)(1)] only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court dismisses a petition on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Upon review of the record, reasonable jurists could not debate whether this Court was correct in its assessment of Petitioner's constitutional claims. The Magistrate Judge's Report and Recommendation throrougly analyzed all of Petitioner's constitutional claims and found them to

1

be without merit. This Court concurred with the Magistrate Judge's findings that: (1) the Criminal Sexual Psychopath Act, as interpreted by the Michigan Court of Appeals, obligates the state to prove a likelihood of future dangerousness as required by *Kansas v. Hendricks*, 521 U.S. 346 (1997); (2) the evidence is sufficient to find that Petitioner continues to suffer from a mental disorder and continues to present a likelihood of future dangerousness if released; (2) the Supreme Court's opinion in *Kansas v. Crane*, 534 U.S. 407 (2002), does not alter the conclusions of the Magistrate Judge's earlier report; and (4) rational basis rather than strict scrutiny applied to Petitioner's treatment. (*See* Report and Recommendation on Petitioner's Objections, Aug. 10, 2005).

Accordingly, the Court DENIES Petitioner Certificate of Appealability.

**SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: NOV 2 8 2005

2